IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brian Fickey, <br><br> Plaintiff, <br><br> v. <br><br> S & C Electric Co. and <br> Sterling Staffing, Inc., <br><br> Defendants. | Case No. 18-cv-4128 <br><br> COMPLAINT FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT AND STATE SUPPLEMENTAL CLAIMS <br><br> JURY DEMANDED |

## COMPLAINT

Now comes Plaintiff, Brian Fickey, by and through counsel, and complains against Defendants, S & C Electric Co. and Sterling Staffing, Inc., as follows:

### Jurisdiction, Parties, and Venue

1. This case arises under the Americans with Disabilities Act of 1990 (hereinafter the "ADA"), as amended, codified at 42 U.S.C. § 12101, *et seq*.

2. This court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

3. Plaintiff also brings state law claims under the Illinois Human Rights Act, codified at 775 ILCS 5/1-101, *et seq* and under the Illinois tort of retaliatory discharge.

4. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the ADA claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. Plaintiff Brian Fickey was hired as a Construction Manager by Sterling Staffing, Inc. on July 31, 2015 and assigned to S & C Electric Co.

6. Sterling is an engineering service provider that services companies in the automation, food, pharmaceutical, manufacturing, transportation and packaging industries.

7. Sterling is headquartered at 2 Westbrook Corporate Center #300 in Westchester, Illinois.

8. Sterling is incorporated in Illinois.

9. S & C is a global provider of equipment and services for electric power systems.

10. S & C is headquartered at 6601 N Ridge Blvd, in Chicago, Illinois.

11. S & C is incorporated in Delaware.

12. The acts and omissions that Fickey complains of below occurred within this District.

## Facts Common to All Counts

13. From August 24, 2015-October 6, 2016, Fickey worked as a Construction Manager at S & C.

14. He was paid by Sterling, but he was under the direction, control and supervision of S & C.

15. On September 28, 2016, Fickey was injured in an auto accident while working.

16. Thereafter, he was off work recovering.

17. On January 11, 2017, his employment was terminated.

18. On April 21, 2017, he was released to go back to work.

19. He informed Sterling that he was able to work, but they ignored him.

20. Another staffing company submitted his resume to S & C, but S & C rejected him.

21. To date, neither S & C nor Sterling has recalled Fickey for work, despite his being qualified to perform work, and despite there being positions available.

**Count I: ADA Claims**

22. Fickey re-alleges paragraphs 1-21 as if fully alleged here.

23. As of April 21, 2017, Fickey had a record of disability: he had a record of physical impairments that substantially limited one or more major life activities, including caring for himself, performing manual tasks, sleeping, walking, standing, lifting, and bending.

24. Defendants were aware of this record of impairments.

25. The companies violated the ADA by failing to recall him to work because of his record of disability (after he had been released back to work).

26. Fickey has been harmed by Defendants' violations of federal law: he has lost wages and benefits, has lost earning power, and has suffered emotional distress.

27. Fickey had to retain an attorney to vindicate the violation of his rights.

28. Defendants' conduct was in reckless disregard of Fickey"s rights. Therefore, he requests punitive damages to punish them and to deter them and other companies from engaging in similar discriminatory conduct in the future.

Wherefore, Plaintiff BRIAN FICKEY requests that Defendants S & C ELECTRIC CO. and STERLING STAFFING, INC. be found liable, that a judgment be entered against them, and that Plaintiff be awarded all remedies to which he is entitled under the law, including lost wages, salary, employment benefits, or other compensation; the present cash value of the time, earnings, salaries, and benefits reasonably certain to be lost in the future; compensatory damages (including for emotional distress); punitive damages; prejudgment interest; attorneys' fees; reasonable expert witness fees; costs of litigation; and any other relief deemed equitable and appropriate.

### Count II: Illinois Human Rights Act Violation

29. Fickey re-alleges paragraphs 1-28 as if fully alleged here.

30. Defendants' actions and inactions, as described herein, also violate the Illinois Human Rights Act.

Wherefore, Plaintiff BRIAN FICKEY requests that Defendants S & C ELECTRIC CO. and STERLING STAFFING, INC. be found liable, that a judgment be entered against them, and that Plaintiff be awarded all remedies to which he is entitled under the law, including: actual damages; backpay; front pay; fringe benefits; prejudgment interest; attorneys' fees; expert witness fees; costs; and any other relief to make Plaintiff whole, including compensation for lost earning power.

### III: Retaliatory Failure to Recall

31. Plaintiff re-alleges paragraphs 1-21 as if alleged here.

32. After his work-related injury, Fickey sought benefits to which he was entitled under the Illinois Workers' Compensation Act, including medical treatment and "temporary total disability" payments.

33. Defendants failed to recall Fickey because he had sought benefits to which he was entitled under the Illinois Workers' Compensation Act.

34. This violates Illinois public policy.

35. Fickey has been harmed by Defendants' violation of state law: he has lost wages and benefits, lost earning power, and suffered emotional distress.

36. Fickey requests punitive damages to punish Defendants and to prevent them and other companies from engaging in similar discriminatory conduct in the future.

Wherefore, Plaintiff BRIAN FICKEY requests that Defendants S & C ELECTRIC CO. and STERLING STAFFING, INC. be found liable, that judgment be entered against them, and that Plaintiff be awarded all remedies to which he is entitled under the law, including: back pay and benefits; compensatory damages, including for emotional distress; punitive damages; prejudgment interest; and court costs.

## Jury Demand

37. Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: 6/13/18                                    Respectfully submitted by:

                                                  s/Julie Herrera

                                                  Law Office of Julie O. Herrera
                                                  53 W. Jackson, Suite 1615
                                                  Chicago, IL 60604
                                                  Tel: 312-697-0022
                                                  Fax: 312-697-0812
                                                  jherrera@julieherreralaw.com