UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN FICKEY, | ) |
| Plaintiff, | ) Case No. 18-CV-04128 |
| v. | ) Judge Sharon Johnson Coleman |
| S&C ELECTRIC COMPANY and, STERLING STAFFING, INC., | ) |
| Defendants. | ) |

**ORDER**

Defendant S&C Electric Company's Motion to Dismiss [33] Count I of the Amended Complaint is denied.

**STATEMENT**

Defendant S&C Electric Company moves to dismiss [33] Count I of the Amended Complaint filed against it by plaintiff Brian Fickey for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]

Defendant Sterling Staffing, Inc. hired Plaintiff Brian Fickey as a Construction Manager and assigned him to work at S&C under their direction, control, and supervision. (Dkt. 29 ¶ 5.) Fickey alleges that both defendants, Sterling and S&C, were his employer because Sterling paid him, and S&C managed his day-to-day activities. (*Id.* ¶¶ 11-15.)

On September 28, 2016, Fickey was injured in an auto accident while working. (Dkt. 29 ¶ 17.) As a result, Fickey sought medical treatment and "temporary total disability" payments

---

[1] S&C contends through a footnote in its reply brief and a separate notice on the docket that it is adopting and accepting as its own Sterling's Motion to Dismiss [31] and all briefing in support. Without first requesting leave of court, this end run around the Court's 15-page limit for briefs in support of a motion is not appropriate. Further, the Court's motion and notice requirements exist to ensure that the Court is aware of all arguments that parties intend to assert.

1

available under the Illinois Workers' Compensation Act ("IWCA"). (*Id.* ¶ 19.) Defendants hired a nurse in October 2017 to monitor Fickey's medical treatment. A S&C manager said he hired the nurse to prove Fickey was lying about his injuries. (*Id.* ¶¶ 12, 20-21.) Sterling emailed Fickey on January 11, 2017, to terminate his employment because the project that he was assigned to at S&C had been completed. (*Id.* ¶ 22.) Fickey alleges that defendants terminated his employment because he had sought benefits under the IWCA. (*Id.* ¶ 24.)

Fickey then brought this suit, alleging that defendants discharged him in retaliation for seeking benefits under the IWCA and violated the Americans with Disabilities Act and Illinois Human Rights Act. S&C now moves to dismiss Count I regarding retaliatory discharge.

In addressing this motion, the court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

A successful claim for retaliatory termination under Illinois common law requires that the plaintiff show that he has been (1) discharged; (2) in retaliation for his action; and (3) that the discharge violates a clear mandate of public policy. *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2000) (citing *Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 728, 151 Ill.2d 142 (1992)). Illinois allows retaliatory discharge actions where an employee is discharged for filing, or in anticipation of

filing, a claim under the IWCA. *Michael v. Precision All. Grp., LLC*, 21 N.E.3d 1183, 1188, 2014 IL 117376 (2014).

S&C contends that Fickey does not allege that he filed an IWCA claim against S&C or otherwise exercised his rights under the IWCA in relation to S&C, and as such, S&C could not have retaliated against Fickey for any IWCA claims. Further, S&C argues that it had no incentive to stop Fickey from obtaining IWCA benefits. In response, Fickey presents a series of theories, absent supportive caselaw, regarding which defendant might have been responsible for Fickey's IWCA benefits and motivations to terminate Fickey raised by those obligations. Because Fickey did not allege these reasons in his Amended Complaint, the Court does not consider these explanations. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012).

Still, both parties miss the mark. Now is not the time for either party to present its explanation of S&C's motivation, relying on inadmissible evidence not alleged in the Amended Complaint. At the motion to dismiss stage, this Court examines whether Fickey has sufficiently alleged that he was discharged due to exercising "some right granted" by the IWCA. *See Grabs v. Safeway, Inc.*, 917 N.E.2d 122, 126, 395 Ill. App. 3d 286 (2009). He has.

S&C has not cited authority for its suggestion that Fickey must allege that he filed for IWCA benefits from S&C specifically. It is not clear that this is even relevant. Fickey has alleged that he was employed by S&C and Sterling, that he sought benefits under the IWCA, and that both defendants terminated him because he sought those benefits. (Dkt. 29 ¶¶ 19, 24.) Additionally, Fickey alleged that defendants hired a nurse to monitor Fickey's medical treatment and that a S&C manager said that he hired the nurse to prove that Fickey was lying about his injuries. (*Id.* ¶¶ 20-21.)

Moreover, this Court disagrees with S&C's application of *Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565, 182 Ill. 2d 12 (1998). The Illinois Supreme Court held that plaintiff's former employer is a proper defendant in a retaliatory discharge action. *Id.* (affirming dismissal of agent of plaintiff's

3

former employer). Here, Fickey sufficiently alleges that S&C is his former employer, along with Sterling, contending that he worked under the "direction, control and supervision" of S&C "on a daily basis" and that S&C management "told him where and when to go to a specific project." (Dkt. 29 ¶¶ 5, 11-12, 15.) At this stage, these allegations are sufficiently particular, and Fickey has plead a claim of retaliatory discharge.

Based on the foregoing, this Court denies S&C's Motion to Dismiss [33] Count I of Fickey's Amended Complaint.

IT IS SO ORDERED.

Date: 1/8/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge